JOHN A. KEMMERLING v. STATE OF NEBRASKA.

FILED APRIL 8, 1911. No. 16,978.

1. Contempt: INCOMPETENT EVIDENCE: REVIEW. Upon review in this court of a trial by the district court without a jury, it will not be presumed that the trial court acted upon or considered incompetent evidence. The action of that court in admitting evidence will not be reviewed.

2. ———: REVIEW. The evidence in the record is found to be sufficient to support the judgment.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*A. S. Ritchie* and *J. W. Woodrough,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

SEDGWICK, J.

The defendant was convicted of contempt of court in the district court for Douglas county, and has brought the case here for review upon petition in error. The substance of the charge against him was that, while he was a juror of the regular panel, he agreed with the claim agent of the Omaha & Council Bluffs Street Railway Company to use his influence as a juror in a certain case pending in the district court in which that company was defendant, and prevent a verdict against the company, for the agreed amount of $25, and received the sum of $5 upon said agreement.

1. It is first argued in the brief that a prosecution for contempt not committed in the presence of the court is essentially a criminal prosecution, and should be tried and determined as such with the exception that the defendant is not entitled in such prosecution to trial by jury. This proposition is not contested by the attorney general and will not be further discussed.

2. The next contention is that the evidence of two witnesses was incompetent and was improperly received. It has frequently been held by this court that, in the trial of a case before the district court and without a jury, it will not be presumed that in determining the issue presented the court acted upon or considered incompetent evidence.

3. It is contended that the evidence in the case is not sufficient to support a judgment of conviction. The al

legation in the information that the agreement of the juror to use his influence was with reference to the case of West against the Omaha & Council Bluffs Street Railway Company, it is insisted was not proved upon the trial. There were several cases pending against the company, but there is no evidence that the defendant was a juror in any of those cases except the case specified in the information. The defendant did not testify in his own behalf, nor did the claim agent of the company, but the defendant called the foreman of the jury in the specified case, and he testified that the defendant served upon that jury, and voted for a verdict in favor of the company, and that the jury failed to agree. There is also evidence that the defendant, after that case had been tried, stated that he had fulfilled his agreement and was the cause of "hanging the jury."

We think that the evidence, being wholly uncontradicted or explained by the defendant himself or any other witness, is sufficient, upon a point not of the substance of the offense, to justify the finding of the court, who was familiar with all of these cases and the part taken therein by the defendant as juror. The substance of the offense charged was proved beyond question.

The judgment of the district court is

AFFIRMED.