RUSSELL ROZEAN V. STATE OF NEBRASKA.

FILED DECEMBER 8, 1922. No. 22616.

1. Contempt. Where a juror, during the trial of a case which he is hearing, discusses the merits of the case with a person outside of court in wilful violation of the court's orders, such juror is guilty of contempt of court under the provisions of subdivision 3, sec. 9189, Comp. St. 1922.

2. Evidence examined, and *held* sufficient to sustain the judgment.

ERROR to the district court for Nemaha county: JAMES T. BEGLEY, JUDGE. *Affirmed as modified.*

*Lambert & Hawxby* and *McCarty & Hager,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, ALDRICH, DAY and FLANSBURG, JJ., REDICK, District Judge.

DAY, J.

Russell Rozean, the defendant, was convicted on a charge of contempt of court, and adjudged to pay a fine of $100 and costs. From this judgment he has brought error to this court.

The record shows that the defendant was a juror in the case of the State of Nebraska v. Lucille Neal, a charge of murder, which came on for trial November 6, 1921, and continued until November 24, 1921, at which date Judge Raper, the trial judge, discharged the jury and declared a mistrial on account of the misconduct of this defendant in discussing the case pending the trial.

The errors relied upon for reversal are: First, that the evidence was not sufficient to sustain the judgment; and, second, that the court should not have admitted in evidence the order of Judge Raper dimissing the jury in the Neal case.

During the trial of the Neal case the jurors were not

required to remain together, but were permitted to disperse during the recesses of the court.

Section 9189, Comp. St. 1922, provides that every court of record shall have power to punish by fine and imprisonment, or by either, as for criminal contempt, persons guilty of any of the following acts: "Third. Wilful disobedience of or resistance wilfully offered to any lawful process or order of said court."

It appears from the record that, during the trial of the Neal case, the jury were repeatedly admonished by the court not to talk to any one about the case, nor to discuss it among themselves, and not to permit any one to talk to them about it, and to refrain from making up their minds as to the merits of the case until the case was finally submitted to them. That this was a proper order cannot be successfully denied. The due administration of justice requires that cases should be determined upon the evidence in court, and not upon what people outside think or say concerning the merits or demerits of a case. The law demands the judgment of the jury upon the evidence, and not the judgment of public opinion. The testimony of Mr. Milam, the principal witness for the state, shows that on Thanksgiving day, and while the case was pending, the defendant came to the witness' greenhouse, and discussed the case with the witness and his wife and son. Among other things pertaining to the case, the defendant said that there had been no evidence produced by the state to convict the woman of the crime she was charged with; that the case should have been stopped with the coroner's inquest; that there was no evidence to warrant the bringing of the case, or to warrant the expense to the county; that if there was a county attorney of any sense and knew his business the case would never have been brought to trial; and that he would never vote for conviction. This conversation was denied by the defendant. The testimony of Mr. Milam was corroborated in the main by his wife and son. While there were some circumstances

which tended to weaken the testimony of the two corroborating witnesses, we think that the testimony was amply sufficient to support the judgment. The rule is thoroughly established that in this class of cases, on conflicting testimony, the judgment of the district court will not be reversed unless, on a review of the testimony, we can say that the judgment was clearly wrong. *McAleese v. State,* 42 Neb. 886.

With respect to the contention that it was error to admit in evidence the order of Judge Raper dismissing the jury, it would seem that it is unnecessary to pass upon this assignment, because it has frequently been held that, upon review in this court of a trial by the district court without a jury, it will not be presumed that the trial court acted upon or considered incompetent evidence, and that the action of that court in admitting evidence will not be reviewed. *Kemmerling v. State,* 89 Neb. 98.

We find no reversible error in the record. In view of the fact, however, that no bad purpose can be imputed to the defendant for the remarks made to his neighbor, we think the ends of justice will be subserved by reducing the amount of the fine to $25.

As thus modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.